CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: drivera@tharpe-howell.com

Attorneys for Defendants,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SARA ARREDONDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation, doing business as LOWE'S; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 8:16-cv-01663-JLS-JCG<br><br>(Orange County Superior Court Case No. 30-2016-00854041-CU-PO-CJC)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Discovery Matter |

Plaintiff SARA ARREDONDO ("Plaintiff") and Defendant LOWE HOME CENTERS, LLC ("Defendant") jointly submit this Stipulated Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use and disposition of certain information and documents during litigation of this matter. The parties agree that discovery in this action may yield documents and information of a sensitive and confidential nature, including but not limited to, Defendant's proprietary policies and procedures, personnel files of present and former employees, and other confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally (the "Confidential Documents").

As a result, the parties have agreed to this jointly submitted Stipulated Protective

Order and request that it be adopted by order of this Court.

**Good Cause Statement**

Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In the instant matter, Defendant's Confidential Documents contain proprietary and confidential trade secret information relating to defendant's business practices and its safety protocol. Defendant derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in defendant's Confidential Documents would reveal defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If defendant's safety protocol were revealed to the general public, it would

hinder defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

### Purpose and Limitation

As mentioned above, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The disclosure of any of the foregoing categories of information and/or documentation protected by this Order, including confidential business and financial information identified above, will have the effect of causing harm to the competitive and financial position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Unprotected disclosure of any of the above-identified confidential information may further expose Defendant to unwarranted annoyance, embarrassment, and/or oppression.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal. Civil Local Rules 140, 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is HEREBY ORDERED as follows:

1.  All documents produced or information disclosed and any other documents or records designated as "CONFIDENTIAL" by the Defendant shall be revealed only to a settlement officer, Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The information designated as "CONFIDENTIAL" and disclosed only in accord with the terms of this paragraph may include, without limitation, documents and information containing Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production. Information and documentation considered "CONFIDENTIAL" are subject to protection under Civil Local Rule 79-5 of the U.S. District Court – Central District of California, Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of Federal law.

2.  Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken

therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

6. The Court's Order is subject to revocation and modification by Order of

the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

7. Any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

8. Nothing contained in this Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

Based on the foregoing, Plaintiff SARA ARREDONDO and Defendant LOWE'S HOME CENTERS, LLC hereby request that this Court issue a protective order governing the treatment of confidential information in this matter.

**IT IS SO STIPULATED.**

Dated: 11/10/16

PANISH SHEA & BOYLE, LLP

By: _____
CANDICE KLEIN
SARAH SCHECKEL
Attorney for Plaintiff,
SARA ARREDONDO

Dated: Nov. 10, 2016

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
DIANA M. RIVERA
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Date: November 21, 2016

_____
HON. JAY C. GANDHI
U.S. MAGISTRATE JUDGE

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

# STIPULATED PROTECTIVE ORDER

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Candice Klein, Esq.<br>Daniel W. Dunbar, Esq.<br>PANISH SHEA & BOYLE LLP<br>11111 Santa Monica Boulevard, Suite 700<br>Los Angeles, CA 90025<br>(310) 477-1700; (310) 477-1699 - Fax<br>Email: klein@psblaw.com<br>Email: dunbar@psblaw.com<br><br>Michael R. Cully, Esq.<br>LAW OFFICES OF MICHAEL R. CULLY<br>& ASSOCIATES<br>18351 Beach Boulevard, Ste. E<br>Huntington Beach, CA 92648<br>(714) 596-1111; (714) 596-1136<br>Email: cullylaw@gmail.com | Attorneys for Plaintiff,<br>SARA ARREDONDO |

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

   c. \_\_\_ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. \_\_\_ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

   e. \_\_\_ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

   f. \_\_\_ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: SEE BELOW

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/11/16      Michele Schee      *(signed)*
DATE          (TYPE OR PRINT NAME)        (SIGNATURE OF DECLARANT)

I:\27000-000\27749\Discovery\FEDERAL\Stipulated Protective Order - revised.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221